In the Matter of the Claim of FELICIA STIMBURIS, Respondent, against LEVITON MFG. Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 5, 1958.

*Charles G. Tierney, George J. Hayes* and *Victor Fiddler* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for the Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*William Doblin* for claimant-respondent.

FOSTER, P. J.  This is an appeal from a compensation award against an employer and insurance carrier in the sum of $7,500, for total disability due to silicosis, under the provisions of former article 4-A of the Workmen's Compensation Law. The issue is whether the claim is barred by the limitations contained in sections 25-a and 123 of the statute.  The board held that section 25-a did not apply.

It is undisputed that claimant's work exposed her to silica dust.  On March 24, 1944 she filed a claim for compensation, alleging that she was disabled because of silicosis.  After a hearing she was denied compensation because it was found, upon a report of a medical examiner for the board, that she was not totally disabled.  Former article 4-A (L. 1936, ch. 887, as amd.) of the Workmen's Compensation Law, in effect at the time, permitted an award only for total disability.  The case was closed.  On November 24, 1944 claimant filed an application with the board to have her case reopened, and that application was denied.

In August, 1954, some 10 years later, claimant submitted a medical report to the effect that she was totally disabled from silicosis, and thereafter the board reopened the case.  The record is obscure as just how and when this was done, but

according to a memorandum decision of the board the reopening followed a report by one Doctor Dorfman, dated August 4, 1954. There is nothing in the record, so far as we have discovered, to indicate that the board was reconsidering the application for reopening which it had denied in 1944. When new hearings were held, beginning in 1955, the medical examiner for the board admitted that claimant had been totally disabled since 1944, and that when he reported to the contrary in 1944 he erred in his diagnosis. Following additional hearings and a review the board found that section 25-a of the statute, barring stale claims against an employer and carrier, did not apply, and held the employer and carrier liable for the statutory sum of $7,500, under former article 4-A, with payments running from March 20, 1944 to August 25, 1950.

It is our opinion that the board erred in finding that section 25-a of the statute did not apply to the claim. We find nothing in the present or former silicosis sections, or their legislative genesis and development, which would indicate an intent to place silicosis cases beyond the bar of any limitation. Such an intent would necessarily be clearly expressed if it existed, for it would be contrary to the almost universal rule that wherever a remedy exists there is some time limitation against it. This is especially with regard to insurance because of actuarial matters involved. What authority there is on the subject is against the finding of the board (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 2 A D 2d 946), and we find no sound reason for excepting silicosis cases from the provisions of section 25-a.

Despite the fact that the decision in 1944 was based on an erroneous diagnosis, viewed in retrospect, nevertheless the claim in 1954 was clearly stale. Section 25-a provides that where a claim is reopened "after a lapse of seven years from the date of the injury or death and claim for compensation previously has been disallowed or claim otherwise disposed of without an award of compensation * * * testimony may be taken, either directly or though a referee and if an award is made it shall be against the special fund provided by this section (subd. 1)". This language aptly fits the body of the claim here so as to bar liability on the part of the employer and its carrier.

Although the foregoing language might ordinarily indicate liability against the Special Fund for Reopened Cases the facts of this particular case preclude it here. They fall within the provisions of section 123 of the statute, which provides in part: "No claim for compensation * * * that has been

disallowed after a trial on the merits, or that has otherwise been disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death ''. Clearly the original disallowance was after a trial on the merits even though the decision may have been based on evidence which ultimately proved to be incorrect. The date of accident is the date of total disability, in this case as of 1944 (Workmen's Compensation Law, § 38).

Moreover, that part of the award appealed from covers a period from March, 1944 to August, 1950, at the rate of $22.33 a week. During this period of six and a half years the maximum amount of $7,500, payable under former article 4-A, would have been expended. The disability period under this award expired more than two years prior to the application for reopening, which was in August, 1954. The Special Fund is not liable for retroactive compensation for a period longer than two years immediately preceding the date of the filing of an application for reopening (§ 25-a, subd. 1).

Under the circumstances disclosed we are reluctantly constrained to reverse the decision and award appealed, and to dismiss the claim therefor.

BERGAN, COON and GIBSON, JJ., concur.

Decision and award reversed and claim dismissed, without costs.